HAYS and Others *v.* MAY and Others.

NEW TRIAL, AS OF RIGHT.—In an action involving the title to real estate and the possession thereof, a new trial claimed as a matter of right, under section 601 of the code, must be granted within a year from the rendition of the judgment, or the court has no power to grant it.

APPEAL from the Ripley Circuit Court.

BUSKIRK, J.—The appellees instituted suit in the court below against the appellants for the recovery of forty acres of land in said county of Ripley; and on the 12th day of June, 1867, recovered judgment against appellants jointly for the land, and a separate judgment against appellant Hays for damages and costs, appellant Padgit being merely a tenant of Hays.

On the 7th of September, 1867, preparatory to moving for a new trial, under section 601 of the code, appellants applied to the clerk to know the amount of costs in said cause, and were told that the whole costs taxed up amounted to forty-one dollars and forty-one cents, which they then paid, and for which the clerk then gave a receipt purporting to be in full of all costs in said cause, but told appellants that a writ of possession was in the hands of the sheriff, and that he might have some fees upon it not included in said receipt; and afterwards, on the 10th of September, 1867, appellants applied to the sheriff, who represented that he had fees in said suit amounting to five dollars, which appellants thereupon paid, and took the sheriff's receipt in full of his fees on said writ. At the February term of said court, 1868, appellants filed their motion for a new trial under said section 601, alleging the payment of all costs and exhibiting said receipts, together with a copy of the judgment sought to be vacated. The court, at the term aforesaid, and without acting on appellant's motion ordered a special term to begin on the 19th day of May, 1868, for the hearing of said motion.

The bill of exceptions states, that on the 1st of June, 1868, being the 4th judicial day of said special term, appellants

submitted their said motion for a new trial upon oral evidence, in connection with said receipts respecting the payment of costs; and the court signifying that a new trial would be granted, the attorney of appellees interposed to inform said court that the costs in said cause had not been fully paid; whereupon said court declined to act definitely upon the motion, but gave further time to ascertain the facts as to the payment of costs and to determine whether or not a new trial should be granted.

The bill of exceptions further states that, on the 20th day of July, 1868, being the 9th judicial day of said special term, appellees filed their motion to reject the motion of appellants upon the grounds, first, that said costs had not been fully paid at the time the said motion of appellants was filed; and second, the year allowed within which a new trial might be granted had then expired; appellees, in their motion to reject appellants' motion for a new trial, stating that they appear specially for the purpose of contesting the jurisdiction of the court over the subject of said motion, and for no other purpose whatever; that the court, over the objection of appellants, "entertained said motion to reject," but gave leave to appellants to amend their motion so as to show the payment of all costs prior to the expiration of one year from the rendition of the judgment sought to be vacated, which amendment was accordingly made; and that thereupon appellants introduced said receipts, together with a further receipt for twelve dollars from the sheriff paid to him by appellants on the 10th of June, 1868, and being the final balance of all costs in said cause in which said new trial was asked.

The court sustained the motion of appellees to reject the motion of appellants, and overruled said motion of appellants for a new trial, to which appellants excepted. A bill of exceptions, purporting to contain all the evidence, was filed on the 29th of July, 1868, and an appeal prayed.

The refusal of the court to order a new trial as a matter of right is the only error assigned which we need determine. Counsel have discussed the questions in reference to the

payment of costs and the rejection of the motion for a new trial, but the conclusion to which we have come upon the main question renders it unnecessary for us to further notice these questions. The original judgment was rendered on the 12th day of June, 1867. The appellants, at the February term, 1868, filed their motion for a new trial. The motion was set down for a hearing at a special term to be holden on the 19th of May, 1868. The court overruled the motion. We have decided at the present term, in the case of *Ferger* v. *Wesler, ante,* p. 53, that not only the application for a new trial, under section 601 of the code, had to be made within one year from rendering the judgment, but the motion had to be acted on within the year. That ruling seems to be fully justified and required by the plain language of the section. We do not doubt that such construction will produce hardships in many instances. It is the province of the legislature to enact laws, and ours to construe them according to the well settled rules of construction; and if such laws operate prejudicially to the public interest, the remedy must be furnished by the law making power.

The judgment is affirmed, with costs.

*J. R. Troxell, J. W. Gordon,* and *S. M. Jones,* for appellants.

*R. M. Goodwin* and *L. Howland,* for appellees.

