## GOLDEN v. SNELLEN.

NEW TRIAL.—*Action to Recover Real Estate.*—*Payment of Costs.*—Where judgment has been rendered against a party to an action for the recovery of real estate, such losing party can not make an application, nor the court make an order, for the vacation of such judgment and the granting of a new trial therein, unless such applicant has *first* paid *all* costs adjudged against him on such former trial.

SAME.—*Motion to Set Aside Order for New Trial.*—An order vacating the judgment and granting a new trial, as of right, in an action for the recovery of real estate, made before the payment of all the costs adjudged against the applicant on the former trial, should be set aside and the cause struck from the docket on motion in writing, and proof of such non-payment of costs.

SAME.—*Trial by Affidavit.*—The issue made as to whether such costs have been paid before the making of such application and order for a new trial, may be tried upon affidavits to be filed by the parties to such cause, where no objection is made.

From the Crawford Circuit Court.

*S. K. Wolfe,* for appellant.

HOWK, J.—Appellant, as plaintiff, sued appellee, as defendant, in the court below, for the recovery of certain real estate in Crawford county, Indiana. The complaint was in the usual form, in such cases, and the real estate sought to be recovered was described as follows: The north-east fourth of the south-east quarter of section seventeen, in township two, south, and range two, west.

Appellee answered appellant's complaint by a general denial of every material allegation therein. And the cause being at issue was tried by the court below without a jury, which trial resulted in a finding for the appellant,

Golden *v.* Snellen.

and that he was entitled to the possession of the real estate described in his complaint. And on the 19th day of February, 1870, judgment was entered by the court below, in favor of the appellant, for the recovery of said real estate, and the costs of suit.

And afterwards, on the 15th day of February, 1871, the appellee filed a written application, in which he alleged that, since the rendition of said judgment in said action, he had fully paid all costs awarded and accrued against him by reason of said judgment, and then, within one year from the rendition of said judgment, in and by said application, the appellee prayed the court below to set aside the said judgment, and to award him a new trial of said action. And thereupon, on said 15th day of February, 1871, it was ordered by the court below, that the judgment heretofore rendered in favor of the appellant be vacated, and that the appellee have a new trial of said cause, on payment of costs; and it was then ordered that the cause stand continued.

At the next August term, 1871, of the court below, the parties appeared, and the appellant, upon his own affidavit, then filed, moved the court below to set aside the new trial taken in the cause, and to strike said action from the docket. And the court below directed that the said motion and the matters arising therein should be tried upon affidavits to be filed by the parties; and upon the affidavits thus filed, the court below overruled the appellant's motion, and refused to set aside the new trial and strike said cause from the docket, and to this decision appellant accepted.

And the action being at issue was again tried by the court below without a jury, which trial resulted in a finding for appellee, and that he was entitled to the possession of the real estate described in appellant's complaint, and that the deed of said real estate to appellant, offered in evidence, was only a mortgage, giving the appellant a lien on said real estate to secure the payment by appellee

to appellant of the sum of one hundred and sixty dollars, with six per cent. interest thereon from March 1st, 1867, which was then due and payable; that on the payment of said sum to appellant by the appellee, the appellant shall execute to appellee a good and sufficient deed of said real estate, and in default of such conveyance, Edward M. Tracewell, was appointed a commissioner to execute such conveyance. And thereupon, appellant, on written causes filed, moved the court below for a new trial; which motion was overruled, and to this decision appellant excepted, and judgment was then rendered by the court below, that appellee was entitled to the possession of said real estate, subject to the said mortgage lien of the appellant thereon, as found by the court below, and that the appellant recover of the appellee the costs of suit.

Appellant has assigned in this court the following alleged errors:

1. Error of the court below, in overruling appellant's motion to set aside the new trial granted on the 15th day of February, 1871, and to strike said cause from the docket, for the reasons stated in said motion.

2. Error of the court below, in overruling appellant's motion for a new trial.

3. Error of law occurring at the trial, in this, that the court below erred in overruling appellant's motion to set aside the new trial granted on the 15th day of February, 1871, and to strike said cause from the docket, for the reasons stated in said motion.

The first and third of these alleged errors are merely different modes of presenting the same question, and the view which we have taken of the question thus presented, renders it unnecessary for us to notice or consider the second alleged error. The question presented for our consideration, by the first and third of the alleged errors, may be thus stated: Did the court below err in overruling appellant's motion to set aside the new trial, granted on the 15th day of February, 1871, and to strike said

cause from the docket, for the reasons stated in said motion? Appellant's motion was in writing, and the reasons assigned therein were, in substance, as follows:

1. Because, at the time of taking said new trial, on the 15th day of February, 1871, the whole costs taxed in the original cause, tried by the court on the 19th day of February, 1870, had not been paid by appellee, as provided by statute;

2. Because no part of said costs, on the 15th day of February, 1871, had been paid to appellant, who recovered judgment therefor, in his said judgment entered on the 19th day of February, 1870; and

3. Because a part of the costs of said original action, entered by the court on the 19th day of February, 1870, were improperly paid by appellee to Walter L. Seacat, then clerk of said court, who had no authority from appellant to receive the same, in bank bills, and not in the coin or other legal tender money of the United States.

Before considering the question presented by the action of the court below on this motion, we will notice briefly a point made by the learned counsel of the appellant, in the argument of this cause. It is insisted, with some degree of earnestness, that the court below erred, in directing that the questions of fact involved in this motion should be tried upon affidavits to be filed by the parties. Upon this point, we may observe, that the appellant is in no condition to complain of the action of the court below, in directing that these questions of fact should be tried upon or by affidavits, for two reasons: first, because the record fails to show that appellant either objected or excepted to the order of the court below, directing such mode of trial; and second, because the record does show that appellant yielded a ready assent to the mode of trial, prescribed by the order of the court below, in and by the apparent fact, that his said motion was founded upon and supported by six different affidavits. And besides, we may add that, in our opinion, the mode of trial pre-

scribed by the court below for the determination of the questions of fact involved in appellant's motion, was perhaps the best mode that could have been selected for the hearing and decision of such questions.

In actions for the recovery of the possession of real estate, it was and is provided by section six hundred and one, of our practice act, as follows:

"Sec. 601.  The court rendering the judgment, at any time within one year thereafter, upon the application of the party against whom the judgment is rendered, his heirs or assigns or representatives, and upon the payment of all costs, and of the damages, if the court so direct, shall vacate the judgment and grant a new trial."  2 R. S. 1876, p. 252.

Under this section of our code of practice, within one year from the rendition of the first judgment in this action, the appellee, against whom said first judgment was rendered, made his written application to the court below, alleging therein the full payment by him, within said year, of all costs awarded or accrued against him by reason of said judgment, and praying that the judgment against him might be set aside, and that a new trial of said action might be awarded him.  Upon the filing of said application, and within one year from the rendition of said first judgment, the court below ordered that the said first judgment be vacated, and that the appellee have a new trial of said cause, on payment of costs, and the cause was then continued.  This was an *ex parte* proceeding by the appellee, without notice to the appellant.  At the next term of the court below, both parties appeared, and the appellant, upon affidavits then filed, tending to prove that all costs awarded or accrued against appellee by reason of said first judgment in said action had not been paid by appellee within one year after the date of said first judgment, moved the court below to set aside the new trial taken by appellee in said action, and to strike said cause from the docket.  By said motion, and

the affidavits upon and by which said motion was founded and supported, a question of fact, as to whether or not the appellee had paid all costs of said first judgment within one year from the rendition thereof, and at the date of his application for a new trial as a matter of right, was presented to the court below for its decision. This was the question which the court below directed should be tried by affidavits to be filed by the parties. This question was submitted to the court below for trial, upon affidavits filed, and the court below, having examined said affidavits and being sufficiently advised, overruled said motion of the appellant, and refused to set aside the new trial taken by appellee and to strike said cause from the docket. The decision of the court below, in overruling said motion, is alleged by appellant to be erroneous, and it having been assigned as error in this court, the same question is fairly and properly presented for our consideration, by the alleged error of the court below in overruling said motion.

It is well settled by numerous decisions of this court, that under section six hundred and one of the practice act, before cited, the payment of all costs is made a condition precedent, in actions for the recovery of real estate, to an application for an order vacating the first judgment and granting a new trial of the action, as a mere matter of right. In *Zimmerman* v. *Marchland*, 23 Ind. 474, it was said, that "the statute which gives the right to the new trial, does so upon the inflexible condition of the payment of all costs, and the circuit court had no discretionary power to dispense with this condition, without the consent" of the party in whose favor the judgment was rendered. "It was only by virtue of the statute that the party was entitled to a new trial; and, failing to comply with the condition, the right could not be claimed, but was lost." In *Ferger* v. *Wesler*, 35 Ind. 53, in *Hays* v. *May*, 35 Ind. 427, in *Whitlock* v. *Vancleave*, 39 Ind. 511, in *Crews* v. *Ross*, 44 Ind. 481, it was held by this court, that

an application for a new trial as a matter of right, under said section six hundred and one, *supra*, could not be made until all costs had been paid, and that the fact of such payment must be alleged in such application.

In the case at bar, the appellee's application for a new trial alleged in so many words that he had "fully paid all costs awarded and accrued against him by reason of said judgment." The order of the court below, on this application, indicates a knowledge of the fact on the part of the court that all the costs had not then been paid, for the new trial was only granted "on payment of costs." The application and the order of the court thereon were both made in the absence of and without notice to the appellant. At the first term, afterwards, of the court below, the appellant moved the court to set aside the new trial taken by appellee, and to strike said cause from the docket. Appellant's motion was in writing, and, as before set out, several causes were stated therein why the motion should be sustained. It is only necessary, however, for us to notice the first of these causes, which was as follows: "that, at the time of taking said new trial, on the 15th day of February, 1871, the whole costs taxed in the original cause, tried by the court on the 19th day of February, 1870, had not been paid by said defendant, as provided by statute." By the affidavits submitted by appellant, it was clearly shown that all the costs had not been paid at the time the appellee made his application, and the court below made the order for the new trial of this cause; and, indeed, that some of the costs had not been paid until after the expiration of one year from the date of the first judgment, and that some of the costs had never been paid. Appellee's own affidavit was the only affidavit filed which tended to prove the payment of all costs; and his affidavit did not meet the issue tendered by appellant's motion, which was, that at the time of his taking said new trial, on the 15th day of February, 1871, the whole costs had not been paid. Appellee's affidavit was, that

all the costs were paid before the expiration of one year from the date of the first judgment. This year did not expire until midnight of the 18th day of February, 1871; and, therefore, appellee's affidavit might have been strictly and literally true, and yet the costs have not been paid until the third day after appellee's application for a new trial, and the granting of such new trial by the court below.

This is not a case of conflicting evidence. Appellant's evidence strongly sustains his motion; and appellee's evidence does not contradict appellant's evidence upon the issue tendered. In our opinion, the court below erred in overruling appellant's motion to set aside the new trial granted to appellee and to strike said cause from the docket; and for this error, the judgment of that court must be reversed.

Judgment is reversed, at appellee's costs, and cause remanded with instructions to the court below to sustain appellant's motion to set aside the new trial taken by appellee, and to strike said cause from the docket.