` Filed March 20, 1888.

No. 13,092.

RODMAN *v.* REYNOLDS ET AL.

NEW TRIAL.—*As of Right.*—*Limitation of Time.*—*Statute Construed.*—Under section 1064, R. S. 1881, it is not necessary that an application for a new trial as of right shall be passed upon by the court within one year, but the limitation therein as to time applies only to the filing of the application and the undertaking for costs and damages.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler* and *J. A. Zaring,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellees.

ELLIOTT, J.—On the 14th day of October, 1884, final judgment was entered against the appellant quieting title to the real estate in controversy in the appellees. On the 12th day of October, 1885, a motion for a new trial as of right, accompanied by the necessary bond, was filed by the appellant in the office of the clerk. No further steps were taken until the 20th day of that month, when an order was made continuing the case generally.

Under the provision in the code of 1852 it was held that

the new trial must be obtained or refused within one year, and that it was not sufficient to file the motion within the year and pay costs. *Bissell* v. *Wert*, 35 Ind. 54; *Hays* v. *May*, 35 Ind. 427; *Whitlock* v. *Vancleave*, 39 Ind. 511; *Crews* v. *Ross*, 44 Ind. 481.

Unless the law has been changed by the act of 1881 we are bound by these decisions. We are of opinion that section 1064, R. S. 1881, does change the rule. That section reads thus: "The court rendering the judgment, on application made within one year thereafter by the party against whom judgment is rendered, his heirs, assigns, or representatives, and on the applicant giving an undertaking, with surety to be approved by the court or clerk, that he will pay all costs and damages which shall be recovered against him in the action, shall vacate the judgment and grant a new trial."

All that this statute requires is, that the application and bond shall be filed within one year; it does not require that the court shall take final action within that time. The clause, "The court rendering the judgment, on application made within one year thereafter by the party against whom judgment is rendered," is the only one containing any limitation as to time, and this limitation manifestly applies to the acts of the parties, and not to the acts of the court.

As the statute read prior to the revision of 1881, there was great doubt as to its meaning, for, in *Falls* v. *Hawthorn*, 30 Ind. 444, it was held that if the application was filed within the year the delay of the court in acting on it could not prejudice the applicant.

In *Hays* v. *May*, *supra*, the court asserted that the construction given section 601 of the code would probably produce hardship, but also affirmed that it felt bound by the express words of the statute, and denied the doctrine asserted in *Falls* v. *Hawthorn*, *supra*.

In the statute now before us there is a material change in the structure of the sentence, and it is not unreasonable to

infer that the change was made to obviate the hard rule declared, as the court assumed, by the former statute. There is, at all events, such a change as makes the limitation of time naturally and grammatically refer to the application and undertaking, and not to the judgment of the court.

One of the fundamental maxims of the law is, that "An act of the court shall prejudice no man," and it is one strongly grounded in natural justice. Broom Legal Maxims, 122.

If we should give the statute now before us the construction for which appellee contends, we should break down this maxim. We know that the Legislature may overthrow this or any other maxim, no matter how strongly entrenched in justice, but, while we concede this power, we are not to affirm that it has been asserted unless the words employed are so clear and strong as to imperatively require us to do so. In this instance there is, as we have seen, no difficulty in so construing the statute as to bring it into harmony with this principle of justice, and it is, therefore, our duty to so construe it. Principles of the common law exert an important influence upon the construction of statutes, and few cases can be imagined in which an application of this fundamental doctrine could be more justly made, or in which its application could be more urgently demanded. Bishop Written Laws, section 88.

It is reasonable to make a party responsible for what he does himself, or for what he omits to do, but it is not reasonable to make him responsible for what the court does, or omits to do. In such a case as this the party can not compel the court to act upon his application, and he ought not to be bound by the delay of the court, if he has himself done what the law requires of him.

In *United States* v. *Kirby*, 7 Wall. 482, the court said : "All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence." This gen-

Rodman *v.* Reynolds *et al.*

eral doctrine was affirmed in *Humphries* v. *Davis*, 100 Ind. 274, where we said : " Courts always endeavor to so construe a statute as to make it an instrument of justice." We think this general rule is applicable here. As we have seen, there was doubt as to the construction of the statute before it was changed, and it was conceded by the court in *Hays* v. *May*, *supra*, that the statutory provision as there construed would be productive of hardship ; so that, in view of the change in the language of the statute, and in view of the fact that the former construction contravened a fundamental principle of natural justice, we feel it our duty to adjudge that the present statute, in making a limitation as to time, applies only to the acts of the parties, and not to the acts of the court. This conclusion rests on broad principles, and not on the mere letter of the law, although it is in entire harmony with the letter of the law, and is, indeed, the only one that will give just effect to its spirit and purpose.

In the case of *Indiana, etc., R. W. Co.* v. *McBroom*, 103 Ind. 310, the court really asserted the conclusion we here announce, for it was there said : " When the application is made to the proper court, within the time limited by the statute for such new trial as of right, the court has no discretion ; it must vacate the judgment and grant such new trial."

Judgment reversed, with instructions to grant a new trial as of right.

Filed March 8, 1888.