The Lime City Building, Loan and Savings Association v. Black.

No. 17,109.

## THE LIME CITY BUILDING, LOAN AND SAVINGS ASSOCIATION v. BLACK.

HARMLESS ERROR.—*Paragraph of Complaint, Overruling Demurrer to.—Judgment.*—The overruling of a demurrer to a bad paragraph of complaint is harmless error, where it is evident that the judgment is based upon another paragraph.

RECEIVER.— *When May be Appointed.—Corporation, Expiration of Charter.—Statutory Limitation of Three Years Thereon.—Action.*—A corporation was organized under the laws of this State, on May 5, 1879, and its corporate existence was limited to eight years. Suit was instituted on April the 12th, 1890, for the appointment of a receiver, and to wind up the affairs of the corporation, and a receiver was appointed June the 15th, 1893. Judgment was rendered February the 22d, 1893. Can a receiver be legally appointed in such case, after the expiration of the three years next following the limitation of the charter, in a suit instituted before the expiration of the three years?

*Held,* that a sufficient complaint having been filed in such action, before the expiration of the three years, as provided by section 3012, R. S. 1881, a receiver may be appointed after the expiration of the three years.

SAME.—*Amendment of Complaint.—Should be Made to Appear on Face of Record by Bill or Order of Court.—Record Can Not be Varied by Evidence.*—Where, in such action, the prayer for the appointment of a receiver, as shown by the record, has as much the appearance of having been contained in the complaint when it was first filed as any other part thereof, such record can not be varied by the evidence in the bill of exceptions, to the effect that the prayer for appointment of a receiver was made by way of amendment to the complaint, after the expiration of the three years. Such fact of amendment, if true, and important to appellant's rights, should have been made to appear upon the face of the record, by bill of exceptions or order of court.

SAME.—*Continuation of Powers Beyond Three Years.—Statute Construed.*—The concluding clause of section 3012, R. S. 1881, providing that "the powers of such receivers may be continued beyond the said three years, and as long as the court shall think necessary, for the purposes aforesaid," must be restricted to such appointments as are made prior to the expiration of the three years.

SAME.—*Exception to Appointment.—Failure to Take.—Can Not Com-*

The Lime City Building, Loan and Savings Association *v.* Black.

*plain.*—A party who did not except to the appointment of a receiver, is not in a position to complain of such appointment; and an exception taken thereto by an attorney of such party, in his capacity as a party to the action, does not place the former in any better position.

STATUTORY CONSTRUCTION.—*Rules of.*—In construing a statute, it is not to be presumed that any part of the statute was intended to be without meaning, and every part of the statute must be viewed in connection with the whole, so as to make all parts harmonize, if practicable, and give a sensible and intelligent effect to each.    The intent of a statute, as collected from an examination of the whole and all its parts, will prevail over the literal import of particular terms, and will control the strict letter of such terms, when the letter would lead to injustice and contradictions.

CORPORATION.—*Stockholder.*—*Forfeiture of Stock.*—*Waiver.*—*Receiving Delinquent Dues.*—*Directors.*—Where the by-laws of a corporation provide for the forfeiture of stock on the nonpayment of dues, the directors may, when authorized, waive the forfeiture, and, when not so authorized, general principles of law would authorize them to do so; and the act of receiving and accepting the dues of stockholders who were delinquent in the payment thereof, would constitute such a waiver, without any other action by the board of directors to that effect.

DEMURRER.—*Addressed Jointly to Two or More Paragraphs.*—*Effect.*— Where a demurrer is addressed jointly to two or more paragraphs of a pleading, it must be sustained as to all, or fail entirely.

From the Huntington Circuit Court.

*J. M. Hatfietd, J. B. Kenner* and *U. S. Lesh*, for appellant.

*L. P. Milligan* and *S. E. Cook*, for appellee.

McCABE, J.—This was a suit brought by the appellee against the appellant to recover the value of six shares of the stock in said association, alleged to belong to appellee, and have a receiver appointed for said association, to wind up its affairs.

The complaint was in two paragraphs, the second being filed some time after the commencement of the suit, in which new parties defendant are made.

There was a demurrer to each paragraph of the complaint overruled; answer in six paragraphs, the first of which is a general denial.

A demurrer to each of the second, third, fourth, fifth, and sixth paragraphs of answer was overruled as to the second, and sustained as to the third, fourth, fifth, and sixth paragraphs.

Reply in three paragraphs, the first of which is a general denial.

A demurrer to the first and second paragraphs of the reply was overruled.

Trial by the court; finding for appellee as against the appellant, upon which appellee had judgment over a motion for a new trial, and a receiver was appointed for appellant, and the cause, as to the new parties, brought in by the second paragraph of the complaint, was dismissed by appellee.

The errors assigned call in question the action of the trial court in overruling a demurrer to the complaint; in sustaining the demurrer to the third, fourth, and fifth paragraphs of the answer; in overruling the demurrer to the second and third paragraphs of the reply; in overruling the motion for a new trial, and questioning the sufficiency of the complaint, and the propriety of appointing a receiver.

The substance of the first paragraph of the complaint is that appellant was organized on the 5th day of May, 1879, as a corporation, under the laws of the State of Indiana, with articles of association and by-laws and rules of business, all of which are set out in the body of the complaint.

The fourth article provided that "This association shall continue in operation eight years, unless the funds of the association shall be sufficient to pay all debts and to redeem all stock in a shorter time."

It is provided, that the capital stock of the association shall be five hundred shares of one hundred and fifty dollars each, and that dues are to be paid by each shareholder or member, of twenty-five cents per share, each week until the value of each share should be one hundred and fifty dollars, and that on the said 5th day of May, 1879, appellee purchased and became the owner of six shares of the capital stock of said association; that he paid his weekly dues of twenty-five cents on each share from the date of purchase until the —— day of ——, 1889, and all fines and assessments made against him as such stockholder; that he paid into said association, as dues and interest, the sum of $628.50, and that at said date to which dues were paid, said shares were of the face value of, viz., $150 per share, or a total value of $900, and is of the value of $900; that he has received no interest or dividends on said shares of stock, but he says that said association, by its board of directors, who have the management and control of the affairs of said association, have fraudulently and illegally paid out to a majority of the stockholders of said association the sum of $155 per share of stock, and have paid out to other stockholders the sum of $135 per share of said stock, the exact number who have received these sums plaintiff can not give, for the reasons that the books and papers of said association are in the hands of the secretary thereof, who refuses to allow this plaintiff to examine them.

And plaintiff further avers that said association had paid all the stockholders from $135 to $150 per share, except plaintiff; that he has demanded payment for his shares of stock, as other stockholders were paid, but defendant refused, and still refuses, to pay this plaintiff more than $135 on one of his shares, and absolutely refuses to pay him anything whatever on his five remain-

ing shares of stock; that there is now due and unpaid from said corporation to this plaintiff, on account of said shares owned by him, the sum of $1,000; that there is now due said corporation, from the stockholders, a large amount in dues, which said association refuses to collect, the exact amount of which this plaintiff is unable to give for the reason that said association, and the secretary thereof, fraudulently conceal the books of said association.

And the plaintiff now asks the court to compel the defendant to recover back from the stockholders of said association, the sums illegally and ·fraudulently paid them, and that the defendant be required to give a complete and full statement of all stock issued, the amount of dues collected on each share; in short, to make a true and complete accounting of all receipts and disbursements of said association from its organization until the present time, and that the defendant be ordered to pay plaintiff, on account of said shares, etc.

And plaintiff avers that said corporation was organized on May 5, 1879, and limited to eight years from said date, and that the three years given by statute within which to close up the affairs of the said corporation may expire before said collections can be fully made and settlement had of the affairs of said association, and plaintiff now asks the court to appoint a receiver to collect all sums due said corporation and recover back all said sums wrongfully paid out by said corporation or the officers thereof, and for all other and further relief.

The second paragraph is substantially the same as the first, except that it makes the officers of the corporation parties defendant, and does not ask the appointment of a receiver.

As already observed, there having been no finding either for or against such officers, the cause was dismissed

as to them, and even prior to that time the subsequent pleadings treated the second paragraph of the complaint as abandoned, and in as much as the finding and judgment seem to be based on the first paragraph, the ruling was harmless, even if erroneous, in overruling the demurrer to the second paragraph of the complaint.

If a judgment is based wholly on a paragraph of complaint that is good, errors in overruling a demurrer to other paragraphs that are bad will not be considered. *Bloomfield R. R. Co.* v. *Van Slike,* 107 Ind. 480; *Tracewell, Admr.,* v. *Farnsley,* 104 Ind. 497; *Cincinnati, etc., R. W. Co.* v. *Gaines,* 104 Ind. 526; *Martin* v. *Cauble,* 72 Ind. 67; *Blasingame* v. *Blasingame,* 24 Ind. 86.

The complaint was filed and the suit begun on the 12th day of April, 1890. The receiver was appointed on the 15th day of June, 1892. The appellant was organized as a corporation under the laws of the State of Indiana, on the 5th day of May, 1879, and its corporate existence was limited by its articles of association to eight years after that time. The judgment was rendered on the 22d day of February, 1893, more than the eight years limited for the corporate life of appellant since its incorporation, and more than three years allowed by statute for closing up the affairs of the corporation after the expiration of appellant's charter. And it is claimed that the corporate existence of appellant having expired before that part of the first paragraph of the complaint asking for a receiver was inserted therein, the same was fatally defective, because it showed that the corporation was defunct, could neither sue nor be sued, and that debts remaining due to and from it are totally extinguished.

If that is the true status of appellant, and was at the time the receiver was asked for, then such debts are extinguished, and the first paragraph of the complaint was

and is bad.    *Canwell* v. *Pattison*, 28 Ind. 509; *Cunningham* v. *Clark*, *Rec.*, 24 Ind. 7.

Section 3006, R. S. 1881, provides that "All corporations whose charters shall expire by limitation, forfeiture, or otherwise, shall, nevertheless, be continued bodies corporate for three years after the time they would have been so dissolved, for the purpose of prosecuting and defending suits to which they are a party, and to enable them to settle, dispose of, and convey their property, and divide the capital stock, but not to continue the business for which such corporations were established."

Section 3012, R. S. 1881, provides that "When the charter of any corporation shall expire, the circuit court of the county in which such corporation has its principal place of business, on application of any creditor, stockholder, or member thereof, within the said three years, may appoint one or more persons to be receivers or trustees of such corporation, to take charge of the estate and effects, collect the debts and property due and belonging to the corporation, with power to prosecute and defend, in the name of the corporation or otherwise, all suits for the purposes aforesaid, and to appoint agents, and do all other acts which might be done by such corporation, * * and the power of such receivers may be continued beyond the said three years, and as long as the court shall think necessary, for the purposes aforesaid."

To establish appellant's contention that the first paragraph of the complaint is bad, it is first contended that a proper construction of the last section quoted requires not only that the complaint asking for the appointment of a receiver must be filed before the expiration of the charter eight years next ensuing the organization, and the additional three years allowed by section 3006, *supra*, but the receiver must be actually appointed before the expiration of said three years next following the eight

years' limitation. That would be a novel way of establishing the insufficiency of a complaint. That would make the sufficiency of the complaint depend not upon the facts alleged in it, but upon the failure of the court to act upon it.

It is not contended that the complaint would not have been good if the court had acted on it and appointed a receiver for appellant at any time prior to May 5th, 1890. In other words, it is conceded that appellee had done all in his power to avoid the loss of his money invested in stock of the corporation, had stated facts sufficient to rightfully entitle him to the relief he sought, if the court had acted on his complaint in time. But the court having failed to do so, the corporation ceased to exist, and appellee's complaint, though stating facts sufficient to constitute a cause of action a moment before the expiration of the time, a moment afterwards did not state facts sufficient. As unseemly as such a result would be, yet it would follow if the construction placed on the statute by appellant is the correct one.

Appellant's learned counsel contend that the language of the section quoted providing that "The circuit court, * * * on application of any creditor, stockholder, or member thereof, within the said three years, may appoint one or more persons to be receivers or trustees," etc., means not only that the application must be filed, as was done in this case, before the expiration of said three years, but that the court must act on such application before the expiration of said three years. The phrase "said three years," in section 3012, refers to the three years allowed in section 3006, after the expiration of the charter, in which to wind up the affairs of the corporation.

The language of section 3012, last quoted, is very similar to that employed in section 1064, same revision.

The latter section provides that "The court rendering the judgment, on application made within one year thereafter by the party against whom judgment is rendered, his heirs, assigns, or representatives, and on the applicant giving an undertaking, * * * shall vacate the judgment and grant a new trial."

In *Rodman* v. *Reynolds*, 114 Ind. 148, this court said of this provision, that "All that this statute requires is, that the application and bond shall be filed within one year; it does not require that the court shall take final action within that time. The clause, 'the court rendering the judgment, on application made within one year thereafter by the party against whom judgment is rendered,' is the only one containing any limitation as to time, and this limitation manifestly applies to the acts of the parties, and not to the acts of the court."

Counsel have referred us to a number of cases in which this court held, under the same section, before its amendment, that the application for a new trial must be both filed and acted upon within one year. But these decisions were expressly held inapplicable in the case just quoted from, on account of the marked difference in the section, made by the amendment.

Prior to the amendment in the revision of 1881, it read as follows: "The court rendering the judgment at any time within one year thereafter upon the application of the party against whom the judgment is rendered, his heirs or assigns, or representatives, and upon the payment of all costs, * * * shall vacate the judgment and grant a new trial."

Under this provision it was properly held that both the application for, and the grant of, a new trial must take place prior to the expiration of the year after the judgment. But the statute now under consideration is, in all material respects, similar to the section last quoted,

as amended in the revision of 1881, and hence the case of *Rodman* v. *Reynolds, supra,* is decisive of the question.

But it is earnestly contended by appellant's counsel that the latter clause of section 3012 takes it out of the rule adopted in *Rodman* v. *Reynolds, supra.*

That clause reads thus: "And the power of such receivers may be continued beyond the said three years, and, as long as the court shall think necessary, for the purposes aforesaid."

It is urged with much plausibility, that the power of the receivers could not be continued beyond the three years, unless it had been begun during the three years, and, therefore, the Legislature could not have intended by the first clause to authorize the appointment of receivers in such cases after the expiration of the three years.

It is a well established rule in the construction of statutes, that the court will not presume that the Legislature intended any part of a statute to be without meaning; but it is also a rule equally well settled, that every part of the statute must be viewed in connection with the whole, so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each. Sutherland on Stat. Con., section 325.

The first clause of section 3012 undoubtedly requires the application for the receiver to be made within the said three years, and, as we have just seen, authorizes the order appointing the receiver to be made after the expiration of the three years.

It is conceded, by appellant's counsel, that the appointment might be made within the three years. So, then, according to the natural meaning of the first clause, such appointments may be made both before and after the expiration of the three years. If no appointment could be made prior to the expiration of the three years, and all appointments of receivers in such cases

had to be made after the expiration of the three years, under the first clause of the section, then the last clause would be meaningless unless it was given such effect as would wholly destroy and overthrow the first clause. But, under the construction we have given the first clause, the two clauses are made to harmonize, and the last clause is not left without meaning; because some, and perhaps a large majority of the cases, within the contemplation of the Legislature, would be such that the appointment of the receivers would be made under the section within the three years. And, under such circumstances, the language of the first clause not clearly and in so many words providing that appointments might be made after the three years, it was but natural and reasonable to provide in the concluding clause, that the power of the receivers so appointed prior to the expiration of the three years, should be continued thereafter.

The concluding clause, therefore, must be restricted to such appointments as are made prior to the expiration of the three years. Any other construction of the whole section leads not only to absurd results, but to great injustice. It permits the persons who happen to be in possession of the assets of the corporation, as its officers, to commit a bold robbery in broad day light on the stockholders who had paid their money into the capital stock of the corporation. It turns them away empty handed, and allows the officers of the defunct corporation to appropriate to their own use the money belonging to the stockholders.

We can not believe that the Legislature ever intended such an outrageous result where the stockholder, as here, had done all in his power to secure his rights, and that he must be deprived of them simply because the court did not act as promptly as it might. Before we

could adopt such a construction, the language of the statute would have to be so plain and unmistakable in its meaning as to leave no room for doubt that the Legislature intended such a consequence. Happily that is not the condition of the language employed in the statute.

The intent of a statute, as collected from an examination of the whole and all its parts, will prevail over the literal import of particular terms, and control the strict letter of such terms when the letter would lead to injustice and contradictions. *Mayor of City of Jeffersonville* v. *Weems*, 5 Ind. 547; *Zorger* v. *City of Greensburgh*, 60 Ind. 1; *Storms* v. *Stevens*, 104 Ind. 46; *Stout* v. *Board, etc.*, 107 Ind. 343; *Woods* v. *State*, 134 Ind. 35, 33 N. E. Rep. 901; Sutherland on Stat. Con., section 322.

But it is contended with great earnestness, that the part of the complaint asking for a receiver was inserted therein by an amendment made July 23, 1890, that being more than the three years after the expiration of the charter of appellant.

The eight years limited as the length of the corporate life of appellant, and the three years thereafter allowed by section 3006 for closing up the affairs of the corporation, make, altogether, eleven years from the 5th day of May, 1879, when appellant was organized and came into corporate existence. The eleven years would expire, therefore, on May 5, 1890, but appellant contends that the only part of the complaint that could, by any possibility, continue the corporate existence of appellant, for any purpose, came into the record on July 23, 1890, more than two months and a half after the corporation had ceased to exist in any sense, and for any purpose, and such matter came in by an amendment to the prayer of the complaint asking the appointment of a receiver.

Much learning is expended on both sides in a discus-

The Lime City Building, Loan and Savings Association v. Black.

sion of the question as to whether the amendment shall be deemed to have reference to the date of the filing of the complaint, which was April 12, 1890, and within the three years allowed for the appointment of receivers in such cases, or to the date of its alleged insertion in the complaint.

It is contended, for the appellant, that the amendment was the vital and all important part of the complaint, and hence, without it, there was no complaint until the amendment was made; on the other hand, it is contended that the complaint, as originally filed, asked for a receiver, and was sufficient, and if not, that the amendment must be referred to the original filing of the complaint.

Many authorities are cited on both sides on this question. But the first thing to settle is the dispute between the counsel as to when the part of the complaint asking for a receiver came in. The transcript shows when the complaint was filed, and shows that it was amended twice, the last one of which amendments appears to have been on the 23d day of July, 1890, but the record nowhere shows what the original complaint was, nor does it show what was added by amendment.

Appellant's counsel, in their first brief, relied on their own statement to prove that the amendment of July 23, 1890, brought in the prayer for a receiver, but on its being denied by appellee's brief, they then cite the evidence contained in the bill of exceptions, by which it is claimed that the testimony of one of the appellant's attorneys proved that such matter was brought into the complaint by the amendment of July 23, 1890.

What was done in the court below, and when it was done, must be proven by the record.

In Judge Elliott's valuable work on appellate procedure the result of the authorities on this subject is stated

thus: "The transcript is the source from which the appellate tribunals obtain their knowledge of the facts involved in the controversy between the parties before them, as well as the source from which they derive their knowledge of the questions upon which it is their duty to pronounce judgment. The reports contain many cases where parties acted as if they were ignorant of this principle, and this excuses the statement of a principle so plain as to scarcely excuse its expression in words. The courts have again and again adjudged that appeals are heard upon the record, and by the record determined. The principle is often thus expressed, 'errors must be manifest on the face of the record.' It is the duty of the party who asks an appellate tribunal to reverse the judgment of a trial court to bring to the higher court 'a perfect record.' A record, as embodied in a properly prepared and duly authenticated transcript imports absolute verity, and can not be aided, varied, or contradicted by extrinsic evidence. * * For what is done in the trial court the Supreme Court 'will look only to the transcript of its record.' If the transcript does not contain all that is essential to show error the appeal will fail, since errors will not be presumed to exist, and a radically imperfect transcript can not show error." Elliotts' App. Proced., section 186. See, also, *Lake Erie, etc., R. R. Co.* v. *Mugg, Admr.*, 132 Ind. 168; *Evans* v. *Schafer*, 88 Ind. 92; *Ferrier* v. *Deutchman*, 51 Ind. 21; *Dritt* v. *Dodds*, 35 Ind. 63; *Carr* v. *Thomas*, 34 Ind. 292; *Aspinwall* v. *Board, etc.*, 18 Ind. 372; *Conoway* v. *Weaver*, 1 Ind. 263; *Bozeman* v. *Cale*, 35 N. E. Rep. 828.

If the facts in relation to the time the alleged amendment was inserted in the complaint asking for a receiver, were deemed important to appellant's rights, it was its duty, if not appearing upon the face of the record, to make it so appear by a bill of exceptions or order of court.

As the complaint appears in the record, the request for the appointment of a receiver has as much the appearance of having been contained in the complaint when it was first filed as any other part thereof.

We, therefore, hold that the last objection urged to the complaint, and upon which it is contended the suit ought to have abated, is not apparent on the face of the record, and hence the court below did not err in overruling the demurrer to the first paragraph of the complaint.

The next alleged error complained of is that the court sustained the appellee's demurrer to the third, fourth, and fifth paragraphs of appellant's answer. These paragraphs each admit substantially the facts alleged in the complaint, and set up that more than three years have elapsed since the expiration of the said eight years mentioned in appellant's articles of association; and that no receiver or trustee for appellant had been appointed by the Huntington Circuit Court, or any other court having jurisdiction, to take charge of the estate and effects, collect the debts and property due and belonging to the appellant corporation, and otherwise wind up its business affairs.

It follows from what we have already said in relation to the sufficiency of the complaint that the court below did not err in sustaining the demurrer to these paragraphs of answer.

It is next contended that the trial court erred in overruling the demurrer to the second and third paragraphs of the reply. These replies were addressed to the second paragraph of the answer of appellant, which set up that appellee had forfeited all his capital stock in said corporation by disregarding his duty prescribed by section 5 of the by-laws of the corporation, in failing to pay the weekly installment of dues, which fell due on the 14th day of August, 1886, on his six shares of stock, and also

failed to pay the several installments of dues and fines, which fell due each succeeding week thereafter, for more than three months thereafter.

The second paragraph of the reply, in substance, alleges that appellee, on the second Saturday of August, 1886, paid his weekly installment of dues on his six shares of stock, amounting to $1.50, to James M. Hatfield, the secretary of said association, who receipted for the same to the appellee, and that said installments were duly accepted by said association; and he further averred that on the third Saturday of August, 1886, and for every Saturday thereafter until the expiration of the charter of said association, the appellee paid to said association each weekly installment of dues, and the same was accepted by said association; and he says that at no time after the second Saturday of August, 1886, was he ever informed by said association that he had failed to pay his dues, nor did appellant intimate or claim that he was in default for nonpayment of dues, and at no time since said date did said association ever assess or demand any fine or assessment from him for any neglect to pay dues, but during all said time said association, by its conduct, treated appellee as a member in good standing."

Section 5 of the appellant's by-laws required "Every member to pay to the secretary of the association, between the hours of one and nine o'clock on Saturday of each week, twenty-five cents on each share of the stock held by him or her, until the value thereof shall be $150."

Section 31 of said by-laws provides that "Should any member fail to pay these weekly installments of dues, or dues and interest in case of a borrower, on Saturday of each week, he shall be fined for each week of such delinquency, ten cents on each and every share of

stock owned by him or her, and should such delinquency continue for the period of three months, all shares of stock upon which such delinquency exists, together with all the payments made thereon, shall be forfeited to the association: *Provided*, That if said delinquency shall have been unavoidable on account of sickness or other causes satisfactory to the board of directors, said forfeiture may be waived on the payment of all back dues and interest, if a majority of the board of directors shall vote in favor of such relief.''

For causes satisfactory to the board of directors, they were expressly authorized to waive the forfeiture. And if they were not so authorized, general principles of law would authorize them to do so; and the act of receiving and accepting the weekly dues of stockholders who were delinquent in the payment thereof, would constitute such waiver, without any vote of the board of directors to that effect. *Farmers' Mut., etc., Ass'n* v. *Koontz*, 4 Ind. App. 538; *Excelsior Mut., etc., Ass'n* v. *Riddle*, 91 Ind. 84; *Phenix Ins. Co.* v. *Tomlinson*, 125 Ind. 84; *Masonic Mut. Ben. Ass'n* v. *Beck*, 77 Ind. 203; *Sweetser* v. *Odd Fellows Mut. Aid Ass'n*, 117 Ind. 97; *Phenix Ins. Co.* v. *Boyer*, 1 Ind. App. 329; *Home Ins. Co.* v. *Marple*, 1 Ind. App. 411.

It follows that the court did not err in overruling the demurrer to the second paragraph of the reply.

We need not, and do not, consider the sufficiency of the third paragraph of the reply, because the demurrer was to both the second and third paragraphs of the reply, jointly, or as an entirety, for want of sufficient facts; and the second paragraph being sufficient, as we have seen, there was no error in overruling the joint demurrer to them both, even though the third paragraph was totally insufficient. *Jewett* v. *Honey Creek, etc., Co.*, 39 Ind. 245; *Romine* v. *Romine*, 59 Ind. 346; *Bayless* v. *Glenn*, 72 Ind. 5; *Redelsheimer* v. *Miller*, 107 Ind. 485.

The Lime City Building, Loan and Savings Association *v.* Black.

The only error alleged in argument to have been committed in overruling the motion for a new trial is that the evidence was not sufficient to support the finding. We think it was amply sufficient.

The appointment of the receiver is assigned for error. Had there been error in this, appellant having failed to except to such appointment is not in a condition now to urge that as error.

It is true that one of appellant's attorneys, being a party defendant below, in his capacity as such party, took an exception to the act of the court in appointing the receiver, but the appellant took no such exception.

But no good reason is suggested, and we perceive none, why the appointment of a receiver to wind up the affairs of the corporation before it became defunct for all purposes, was not eminently proper. The reason mainly relied on in opposition to the power of the court to appoint the receiver was that he was not appointed until after the expiration of the three years next succeeding the expiration of the charter, and that such appointment was not asked for until after the expiration of said three years. But we have seen that these reasons are not well founded.

We have examined all the errors assigned, and find no error in the record.

The judgment is affirmed.

DAILEY, J., took no part in this case.

Filed Dec. 15, 1893; petition for rehearing overruled Jan. 27, 1894.