ATKINSON ET AL. *v.* WILLIAMS.

[No. 18,457.  Filed November 4, 1898.]

APPEAL.—*Motion for New Trial.—Time of Appeal.*—Where judgment is rendered upon the verdict before the motion for a new trial for cause is filed, the final judgment within the meaning of the statute governing appeals is the judgment of the court overruling such motion for a new trial. *pp. 432, 433.*

SAME.—*Jurisdiction.—Time of Appeal.—Motion for New Trial.*—The Supreme Court has no jurisdiction of a cause where an appeal is not taken within one year from the rendition of judgment overruling a motion for a new trial for cause. *p. 433.*

SAME.—*New Trial as of Right.*—A judgment overruling a motion for a new trial as of right is a final judgment, and an appeal therefrom within one year is authorized by sections 644, 645, Burns' R. S. 1894. *pp. 433, 434.*

NEW TRIAL AS OF RIGHT.—*Trespass.*—In an action seeking to recover damages for an alleged trespass to real estate, and to enjoin the threatened continuation of the same, the losing party is not entitled to a new trial as of right, as the title to the real estate only comes in question collaterally, and as a mere incident to such action. *pp. 434, 435.*

From the Benton Circuit Court.  *Affirmed.*

*Daniel Fraser* and *Will Isham,* for appellants.

*Stuart Brothers & Hammond, Saunderson & Hall* and *J. W. Dyer,* for appellee.

MONKS, J.—This action was brought by appellee against appellants, and judgment was rendered against appellants September 15, 1896. Appellants filed their motion for a new trial for cause, on September 18, 1896, which was overruled on November 20, 1896. On November 27, 1896, appellants filed their motion and bond for a new trial as of right, and this motion was overruled December 2, 1896. The transcript was filed in this court December 1, 1897. The errors assigned are: "(1) The complaint does not state facts sufficient to constitute a cause of action. (2) The court erred in its conclusions of law upon the facts found, and in each of said conclusions. (4) The court erred in overruling the motion for a new trial for cause. (5) The court erred in overruling the motion for a new trial as a matter of right."

It will be observed that the transcript was not filed in this court until after the expiration of one year from both the rendition of the judgment and the overruling the motion for a new trial for cause. It was filed, however, within one year after the motion for a new trial as of right was overruled.

It has been held by this court that an appeal lies within one year after the overruling of a motion for a new trial for cause. *Colchen* v. *Ninde,* 120 Ind. 88. It was so held upon the ground that a motion for a new trial for cause is not a collateral one, but is directly connected with the judgment, and is essential to present for review errors occurring on the trial, and until the motion is overruled there can be no final judgment, within the meaning of the statute regulating appeals. When judgment is rendered upon the verdict before the motion for a new trial for cause

Atkinson *et al. v.* Williams.

is filed, as in this case, the final judgment, within the meaning of the statute governing appeals, is the judgment of the court overruling such motion for a new trial for cause. The reasons given for this holding as to a motion for a new trial for cause have no application whatever to the overruling of a motion for new trial as of right, as such motion is collateral and does not present for review any of the errors occurring during or prior to the trial, or in the rendition of the judgment. The motion for a new trial as of right is not predicated upon error, but depends upon the character of the action. It is an independent proceeding, and such motion may be made and acted upon after an appeal has been taken from the final judgment, and the same is pending undisposed of in this court. *Indiana, etc., R. W. Co.* v. *McBroom*, 103 Ind. 310. It is evident, therefore, that this appeal not having been taken within one year after the judgment on the finding of the court, nor within one year after the judgment was rendered overruling the motion for a new trial for cause, this court has no jurisdiction of the questions arising upon the first, second, third and fourth errors assigned, and they are therefore dismissed.

The judgment of the court below, overruling the motion for a new trial as of right, was a final judgment, as to said application, and an appeal therefrom within one year is clearly authorized by sections 644, 645, Burns' R. S. 1894 (632, 633, Horner's R. S. 1897). *Rodman* v. *Reynolds*, 114 Ind. 148. In *Rodman* v. *Reynolds, supra,* the appeal was taken more than one year after the rendition of final judgment, but within one year after the judgment overruling the motion for a new trial as of right was rendered; and this court held that the court below erred in rendering judg-

ment overruling said motion for a new trial as of
right, and reversed the same with instructions to sus-
tain the motion for a new trial as of right.  The ques-
tion whether the court below erred in overruling ap-
pellant's motion for a new trial as of right, presented
by the fifth error assigned, is therefore before us for
decision.

Appellee insists that the action was for trespass to
real estate, and for injunction to prevent further acts
of threatened trespass, and not an action to recover
possession of, or to quiet title to real estate, and that
therefore, the motion for a new trial as of right was
properly overruled.  An examination of the complaint
shows that there are no allegations that appellant
claimed any title or interest in the real estate, and that
such claim was adverse to or a cloud upon appellee's
title, averments which are essential in actions to quiet
title; nor is there any allegation that appellant was in
possession of such real estate, essential to an action for
possession of real estate, nor is any such relief asked
for; but, judging the complaint from its general scope
and tenor, it seeks only to recover damages for an
alleged trespass to the real estate described, and to
enjoin the threatened continuation of the same, on the
ground that appellee had no other adequate remedy.
In such case neither party is entitled to a new trial
as a matter of right, under section 1076, Burns' R. S.
1894 (1064, Horner's R. S. 1897), which only provides
for a new trial as of right in actions for possession
of, or to quiet title to real estate.  *Hall* v. *Hedrick*,
125 Ind. 326, 330; *Miller* v. *City of Indianapolis*, 123
Ind. 196, 199, and cases cited; *Bennett* v. *Closson*, 138
Ind. 542, 550, 552; *Richwine* v. *Presbyterian Church*,
*etc.*, 135 Ind. 80, 86, 88; *Davis* v. *Cleveland, etc., R. W.
Co.*, 140 Ind. 468, 471, and cases cited; *Nutter* v. *Hen-
dricks*, 150 Ind. 605.  In such cases the losing party

is not entitled to a new trial as a matter of right, because the title only comes in question collaterally, and as a mere incident. *Liggett* v. *Hinkley*, 120 Ind. 387, 388, and cases cited; *Richwine* v. *Presbyterium Church, etc., supra,* 88. It follows that the court did not err in overruling the motion for a new trial as a matter of right. The judgment overruling said motion is, therefore, affirmed.