No. 17.083.

HATFIELD ET AL. *v.* CUMMINGS, RECEIVER, ETC.

RECEIVER.—*Leave of Court to Bring Action.—Sufficiency of Complaint.*—The complaint in an action by a receiver, in his own name, to sufficiently state a cause of action, must show by direct and positive averments, that leave of court to institute and prosecute the action has been first obtained.

From the Huntington Circuit Court.

*J. M. Hatfield, J. T. Alexander, J. B. Kenner* and *U. S. Lesh,* for appellants.

*L. P. Milligan, O. W. Whitelock* and *S. E. Cook,* for appellee.

JORDAN, J.—This action was commenced by the appellee in his own name, as the receiver of the Lime City Building, Loan and Savings Association, to obtain a judgment upon a note executed by appellant, Thursey J. Hatfield, and the foreclosure of a mortgage executed by the appellants, Thursey J. and James M. Hatfield, to said association.

The appellee prevailed, and recovered a judgment upon the note in suit against Thursey J., and a decree of foreclosure of the mortgage against all of the appellants.

From this judgment the appellants have appealed to this court, and have separately assigned a number of alleged errors, among which are: "That the court erred in overruling the demurrer to the complaint; that the complaint does not state facts sufficient to constitute a cause of action; that the court erred in overruling a motion for a new trial."

Appellants assail the sufficiency of the complaint upon several grounds: One of which is that it does not state a cause of action in appellee (plaintiff below).

The only averments therein, as to the right or authority of the receiver to sue upon the note and mortgage in question, are as follows:

"That on the 15th day of June, 1892, in an action pending, which action was commenced on April 12, 1890, in said court, wherein Henry C. Black, is plaintiff, and the Lime City Building Loan and Savings Association, et al., are defendants, to recover the value of said Black's stock in said association, he was duly appointed, and

has since qualified as receiver of said association, and empowered to collect by suits the claims due said association."

It is well settled by the authorities that a complaint filed by a receiver, in his own name, to sufficiently state a cause of action, must show by proper averments, that leave of court to institute and prosecute the action has been first obtained. *Davis* v. *Ladoga Creamery Co.*, 128 Ind. 222, and authorities there cited. *Wayne Pike Co.* v. *State, ex rel.*, 134 Ind. 672, and cases there cited. In High on Receivers, section 201, the law on the question involved is thus stated: "It is essential therefore in order to sustain a suit brought by him (the receiver), in his representative capacity, that he allege and set forth the equities of the parties whose right of actions he represents, and he must also show that by the appointment of the court, properly made in a matter, within its jurisdiction, that authority has been conferred upon him in his representative capacity as receiver to prosecute the action, and failing to show this, he cannot maintain an action."

In the case of *Davis* v. *Ladoga Creamery Co., etc., supra,* this court said: "In our opinion the complaint in this case is fatally defective in failing to allege that the receiver obtained an order of the court appointing him to institute this suit before the action was commenced."

The authority from the court to the receiver to sue in his own name lies at the very basis of his right to bring the action, and no such right exists under the law in this State, until it is granted to the receiver by the court. The averments in regard to the point under consideration are meager and defective, and the complaint in this respect does not conform to approved forms or the rules governing pleadings.

What is meant or intended by the allegations in question, is not direct or positive, but is left to be inferred. Facts that are necessary to constitute a right of action, must be stated directly and positively, in an issuable form, and not in ambiguous language. This is elementary. See *Wheeler* v. *Thayer*, 121 Ind. 64, and authorities there cited.

Tested by the principles of law to which we have referred, we think that the complaint is not sufficient, for the reasons stated, and the demurrer thereto ought to have been sustained.

The sufficiency of the evidence to support the judgment is also called in question, but as a reversal must follow on account of the above mentioned infirmity in the complaint, we do not deem it necessary to consider the many other propositions presented by the appellants. However, we may here suggest that there is no evidence appearing in the record, showing either the appointment of the appellee by the court as receiver, or that he obtained any authority whatever to commence and prosecute this action. See High on Receivers (third edition), section 231.

We do not mean to be understood or to hold, by what we have said in this opinion, that it is necessary in each case for the receiver to apply to the court for authority to bring an action where the court, in the order appointing him, has granted a general leave or authority to bring and prosecute all suits in his own name.

The judgment below is reversed, at the cost of the appellee, with instructions to the court to sustain the demurrer to the complaint, with leave to amend, and for further proceedings in accordance with this opinion.

Filed February 19, 1895.