Hatfield *et al. v.* Cummings, Receiver.

Filed March 15, 1895.

* * *

No. 17,064.

## HATFIELD ET AL. *v.* CUMMINGS, RECEIVER.

CORPORATION.—*Receiver, When May Be Appointed.—Application for Must Be Made Within Three Years After Expiration of Charter.*—If an application for a receiver be made within the three years next following the expiration of the charter of a corporation, the appointment of a receiver would be valid, even if made after the expiration of the three years.

RECEIVER.—*Action by.—Sufficiency of Complaint.—Corporation.*—A complaint by a receiver of a corporation to collect debts, promissory notes, due the same, and to foreclose a mortgage securing them, is sufficient which shows his appointment as such receiver, and that he was ordered by the court to collect the debts due the corporation, and shows the giving of the notes and the failure to pay them, and that they are due and unpaid, giving the sum due.

From the Huntington Circuit Court.

*J. M. Hatfield, J. B. Kenner* and *U. S. Lesh,* for appellants.

*L. P. Milligan, O. W. Whitlock* and *S. E. Cook,* for appellee.

HOWARD, J.—This was an action brought by the appellee as receiver of the Lime City Building, Loan and Savings Association, against the appellant James M. Hatfield and others, for the collection of certain promissory notes due to said association, and for the foreclosure of mortgages upon real estate given to secure the same. There was a finding by the court and judgment for appellee.

The errors assigned and discussed by counsel, relate to the overruling of demurrers to the complaint, the sustaining of demurrers to the special paragraphs of answer, and to the overruling of the motion for a new trial.

The complaint shows the appointment of the receiver, that he was ordered to collect the debts due the association, the giving of the notes and mortgages, the failure to pay the notes, that the same are due and unpaid, giving the sum due. Other allegations are also made, but these are sufficient.

In the second paragraph of his answer, the appellant James M. Hatfield admits that the Lime City Building, Loan and Savings Association was incorporated on the 5th day of May, 1879, and its articles of association duly recorded, which articles are set out in the answer.

It is then averred that said association "ceased to exist as a corporation by the expiration of the time provided in its articles of association, on the 5th day of May, 1887; and the three years provided by law to close and wind up its affairs expired May 5, 1890, which last time, to wit, May 5, 1890, was and is prior to the commencement of this suit. Wherefore defendant says no cause of action exists on said note.

" He further says that more than three years have elapsed since the charter of said Lime City Building, Loan and Savings Association expired by limitation, and

that no receiver or trustee was appointed within said three years to take charge of the estate and effects and property belonging to the said corporation, and do all other acts which might be done by the corporation, if in being, necessary for the final settlement of the business of the corporation."

It is contended that the demurrer to this paragraph of answer should have been overruled, for the reason that while section 3429, R. S. 1894 (section 3006, R. S. 1881), continued the corporation for three years after the expiration of its charter, for the purpose of winding up its affairs; and while by section 3435, R. S. 1894 (section 3012, R. S. 1881), a receiver might have been appointed within those three years; yet that as it appears from this paragraph of the answer that such receiver was not appointed within that time, the conclusion results that no legal appointment of a receiver was made, and there was no authority to bring this suit.

This conclusion would indeed follow if the statute so provided; but, as we decided in *Lime City Building, Loan and Savings Association* v. *Black*, 136 Ind. 544, the provision of the statute is that the court may make the appointment of receiver "on application of any creditor, stockholder or member thereof within the said three years." In other words, if the application for a receiver was made within the three years, then the appointment would be good even if made after that period. If a litigant does his duty he can not be deprived of his rights by any action or failure to act in due time by any officer or court. As, therefore, the paragraph of answer does not show that no application for a receiver was made within the three years the pleading is not good as a defense to the action, and the demurrer to it was properly sustained.

In the third paragraph of the answer it is also admit-

ted that said association was incorporated May 5, 1879, and the articles are set out in the paragraph of answer as before.

By the fourth article it is provided as follows: "This association shall continue in operation eight years, unless the funds of the association shall be sufficient to pay all debts and to redeem all stock in a shorter time."

This paragraph of answer concludes as follows: "Defendant further says that no receiver or trustee was appointed to wind up the affairs of said association prior to the 15th day of June, 1892, nor was such receiver or trustee applied for by any creditor, stockholder, member of said association or any other person, prior to the 23d day of July, 1890."

From what we have said as to the demurrer to the second paragraph of the answer it would seem that the demurrer to this third paragraph should have been overruled.

The statute, as we have seen, requires that the application for a receiver should be made within three years after the expiration of the charter of the corporation. From the third paragraph of the answer it appears that in this case the charter of the association expired in eight years from its incorporation, or May 5, 1887. Adding three years to this date, it appears that the time within which application might be made for a receiver expired May 5, 1890.

The answer avers that no such application was made before July 23, 1890. If that be true, as the demurrer admits, the application came too late and the answer was good. The demurrer to it should therefore have been overruled.

The judgment is reversed, with instructions to overrule the demurrer to the third paragraph of the appellant Hatfield's answer, and for further proceedings.

Filed March 14, 1895.