Earhart *et al. v.* The Farmers' Creamery *et al.*

---

EARHART ET AL. *v.* THE FARMERS' CREAMERY ET AL.

[No. 18,075.  Filed May 25, 1897.]

PLEADING.—*Practice.—Waiver of Ruling on Demurrer.*—If a defendant answers before his demurrer to the complaint is disposed of he waives a ruling on the demurrer.  *p. 80.*

APPEAL AND ERROR.—*Joint Assignment.*—A ruling which is not available as to all the parties against whom it is made cannot be successfully assigned jointly by them.  *p. 80.*

DRAINAGE.—*Remonstrance.—Evidence.*—Where the aggregate benefits of a proposed drain, which benefits were unquestioned by anyone against whom they were assessed, exceeded the cost of the drain, evidence that collectively the lands affected were of no more value with than without the proposed drainage is inadmissible to sustain a remonstrance under the eighth cause specified in section 5625, Burns' R. S. 1894.  *pp. 81, 82.*

SAME.—*Report of Commissioners.—New Trial.*—Objection to the report of drainage commissioners, because they did not properly describe the lands affected by a certain drain, must be remedied by motion addressed to the report, and cannot be reached by motion for new trial.  *pp. 82, 83.*

From the Clinton Circuit Court. *Affirmed.*

*Claybaugh & Claybaugh, J. C. Farber* and *W. H. Peters,* for appellants.

*M. A. Morrison, O. E. Brumbaugh* and *Joseph Combs,* for appellees.

HACKNEY, J.—This was a proceeding in the lower court for the drainage of lands. The appellants jointly demurred to the petition of the appellees. Before any ruling was made upon the demurrer, a number of the appellants filed remonstrances. Thereafter, and when the court had overruled said demurrer, others of the appellants filed remonstrances, and a trial resulted in findings and decree adverse to said appellants, and they jointly assign as errors the action of the lower court in so overruling their demurrer, and also in overruling their joint motion for a new trial.

The demurrer was for the want of sufficient facts. Those who filed remonstrances, pleading to the merits of the petition, before the ruling upon said demurrer, waived the demurrer. *Hosier* v. *Eliason,* 14 Ind. 523; *Gordon* v. *Culbertson,* 51 Ind. 334; *Robertson* v. *Huffman,* 92 Ind. 247; *Morrison* v. *Ross,* 113 Ind. 186; *Board, etc.,* v. *Adams,* 76 Ind. 504; *Ludlow* v. *Ludlow,* 109 Ind. 199; *Moore* v. *Glover,* 115 Ind. 367; 1 Works Pract. 539. Several of the cases cited are exactly to the point that the ruling upon a demurrer thus waived presents no question.

A ruling not available as to all against whom it is made cannot be successfully assigned jointly by them. *Armstrong* v. *Dunn,* 143 Ind. 433; *Goss* v. *Wallace,* 140 Ind. 541; *Medical College* v. *Commingore,* 140 Ind. 296; *Bower* v. *Bowen,* 139 Ind. 31; *Carr* v. *Carr,* 137 Ind. 232; *King* v. *Easton,* 135 Ind. 353; *Douthit* v. *Douthit,* 133 Ind. 26.

The ruling upon demurrer to the petition not being available as to some of the appellants, the assignment presents no question thereon.

The rejection of certain evidence offered by the appellants tending to prove that the lands affected collectively by the proposed drainage, and some of the lands severally, were of no more value with than without the proposed drainage is now complained of as having been erroneous, under the eighth cause of remonstrance specified in section 5625 Burns' R. S. 1894, and pleaded by the appellants severally: "That it will not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits." For the appellants, it is urged, that to hold the evidence inadmissible is to deny that the quoted words constitute a cause of remonstrance, and would practically repeal the statute. For the appellees, it is insisted that this statute permits an inquiry by the several remonstrants as to the cost of the improvement, but not as to the benefits in the aggregate, where, as in this case, more benefits are unquestioned, as to the remonstrants severally, than the conceded cost of the improvement. Here the aggregate benefits reported were $1,900.00, and the reported cost of the improvement was $1,700.00. Of these reported benefits, but the sum of $25.00 was questioned by any one against whom the same were assessed, thus leaving $1,875.00 of the reported benefits conceded. These assessments might have been questioned under other statutory causes of remonstrance by the parties severally; but, excepting as to said sum of $25.00, no such question was made, nor was there evidence, or offer of evidence that said sum of $1,700.00 was not the proper cost of the improvement.

It will thus be seen that to have heard the rejected

evidence would have permitted a landowner, inter-
ested in but one of many tracts, to test the correct-
ness of assessments against numerous tracts whose
owners made no such question, but conceded and be-
came irrevocably bound by the assessments made
against them.  If the trial court had received the of-
fered evidence without contradiction, and had under-
taken to act upon it, the anomalous decree must have
been entered that, from the benefits conceded, there
were $1,875.00 collectible from the lands assessed and
benefited, and, from the evidence so received, there
were no benefits to the lands so assessed; that under
one provision of the statute the improvement should
be made, and under another provision the proceeding
should be dismissed.

It would seem unnecessary to suggest that the legis-
lature never intended any such contradictory possi-
bilities in the procedure under the statute in ques-
tion.  Two methods of determining the benefits to
lands are provided by the statute; one by the commis-
sioners, and the other by the court, upon remon-
strances by those whose assessed benefits are ques-
tioned.  When, by either of these methods, the bene-
fits aggregated are less than the cost of the proposed
drainage, the eighth cause of remonstrance is made
out.  In the question of the cost of the drain, each
landowner has an interest, and may, under the eighth
cause for remonstrance, offer proper evidence upon
that subject.  The evidence offered in this instance did
not go to the cost of construction, but its one tendency
was to contradict conceded benefits to the lands.  In
our opinion, the court did not err in rejecting it.

One cause assigned for a new trial was that the re-
port of the commissioners did not describe the lands
affected as in Clinton county.  This was not a part
of the trial, but was a question to be reached and rem-

edied by motion addressed to the report, and not by a new trial.

Complaint is also made that the finding of the court failed to declare the drain of public utility. This complaint has been obviated by an amendment to the record.

At the close of the evidence for the petitioners the remonstrants, appellants, moved the court to dismiss the proceeding because of a supposed failure of proof that the proposed drain would improve the public health, benefit a highway, or be of public utility. Not only was the motion not well founded in fact, but we are impressed that the ruling thereon is not properly presented to this court by an assignment of the trial court's action in overruling the motion for a new trial.

The only other questions discussed depend upon the weight and construction of the evidence, and are not considered.

The judgment is affirmed.