HATFIELD ET AL. *v.* CUMMINGS, RECEIVER.

[No. 18,354. Filed June 10, 1898. Rehearing denied March 14, 1899.]

RECEIVER.—*Authority to Bring Action.—Complaint.*—A complaint in an action by a receiver to foreclose a mortgage, alleging that plaintiff was duly appointed receiver of an association, and at the time was duly empowered, ordered and directed to collect by suit, if necessary, all claims due such association, sufficiently shows that the receiver had authority to sue. *pp. 281, 282.*

SAME.—*Foreclosure of Mortgage by Receiver.—Complaint.*—Where a

Hatfield *v.* Cummings, Rec.

receiver was appointed to take charge of the property of a corporation because its charter had expired, and such receiver was empowered to collect by suit all debts due the concern, a complaint by the receiver to foreclose a mortgage need not show that there are any debts due making the foreclosure necessary.  *p. 282.*

APPEAL AND ERROR.—*Joint Assignment.*—A ruling not available as to all the parties complaining of it cannot be successfully assigned as error jointly by them.  *pp. 282, 283.*

CORPORATIONS.—*Stockholders Bound by the Action of Court in Appointment of Receiver.*—Stockholders of a corporation, who are such pending litigation resulting in the appointment of a receiver therefor, are bound thereby.  *pp. 283-285.*

RECEIVER.—*Appointment of.*—*Collateral Attack.*—The validity of the appointment of a receiver, when made by a court of competent jurisdiction, is not subject to collateral attack.  *pp. 286, 287.*

SAME.—*To Wind Up the Affairs of Corporations at Expiration of Charter.*—*Authority.*—Where, under section 3012  Horner 1897, a receiver is appointed to wind up the affairs of a corporation, such receiver, in an action to collect a debt due the corporation, may sue in his own name without specific authority from the court.  *pp. 287, 288.*

SAME.—*Appointment of Receiver.*—*Validity Of.*—Averments of facts showing that defendants were stockholders in a corporation when plaintiff was appointed receiver thereof, and that the validity of such appointment had been finally adjudicated in an appeal to which the corporation was a party, constitute a sufficient reply to an answer denying the validity of the appointment.  *pp. 288, 289.*

From the Wabash Circuit Court.  *Affirmed.*

*J. M. Hatfield, J. B. Kenner, U. S. Lesh* and *J. T. Alexander,* for appellants.

*Slick & Hunter, O. W. Whitelock* and *S. E. Cook,* for appellee.

McCABE, J.—The appellee, as receiver, sued to collect a note, and to foreclose a mortgage given by appellants to said association to secure the payment of said note.  The issues made were tried by the court, resulting in a special finding of facts, on which the court stated conclusions of law leading to judgment in favor of the plaintiff.

The assignment of errors calls in question the sufficiency of the complaint, the action of the court in overruling appellants' demurrer thereto; in overruling appellants' motion in

arrest of judgment; in overruling appellant James M. Hatfield's demurrer to the second paragraph of appellee's reply to the joint answer of said Hatfield and the Huntington City Building, Loan, etc., Company; in overruling the demurrer of Thursy J. Hatfield to the second paragraph of reply to the second paragraph of her separate answer; in its conclusions of law; and in overruling appellants' motion for a new trial.

This is the second time this case has been in this court. *Hatfield* v. *Cummings, Rec.*, 142 Ind. 350. After the return of the cause to the Huntington Circuit Court, the venue was changed to the Wabash Circuit Court. On the former appeal the judgment was reversed because the complaint failed sufficiently to allege that the receiver had been authorized to sue. The cause was remanded with leave to amend the complaint; and the principal objection to the complaint now is that the amendment did not obviate the defect pointed out on the former appeal. The allegation in the amended complaint as to the authority of the receiver to sue is "that said Luther Cummings was duly appointed and qualified as receiver of said association, and, among other things, was then and there, by said court, duly empowered, ordered, and directed to collect by suit, if necessary, all the claims due said association." This made the complaint sufficient in that respect. *Hatfield* v. *Cummings, Rec.*, 140 Ind. 547; *Hatfield* v. *Cummings, Rec.*, 142 Ind. 350.

Another objection to the complaint is that it does not show that the association is in debt, or that any claims have been allowed, or judgments rendered, making the foreclosure of the mortgage for the collection of the note sued on necessary. A number of cases are cited where stockholders of insolvent banking corporations, and the like, were sued by a receiver to collect the stock subscribed, and in some instances beyond the amount of such stock; and in such cases it was held that the receiver's complaint was bad, because it failed to show that the payment of the debts and liabilities of the insolvent concern made it necessary to force such collections. But this

is a very different sort of a case. The receiver here was appointed under the statute because of the expiration of the charter of the corporation, and not because it was insolvent. It is rather a flimsy and unconscionable excuse for the maker of a note and mortgage for borrowed money to give,—why it should not be paid,—that the lender does not need it to pay debts with. There was no error in holding the complaint good.

Both James M. Hatfield and Thursy J. Hatfield are appellants, and have joined in the assignment of error on the separate demurrer of said James M. and the separate demurrer of Thursy J. to certain replies. Neither of these appellants were interested in, or injured by, the ruling on each other's separate demurrers to such replies. It is well established that a ruling not available as to all parties complaining of it, cannot be successfully assigned as error jointly by them. *Earhart* v. *Farmers Creamery*, 148 Ind. 79, and cases there cited. Therefore, we need not further notice the sufficiency of said replies.

It is next objected that the finding of facts does not show an order of court authorizing the receiver to sue. The special finding upon this point states that "the court then and there, upon said hearing, appointed Luther Cummings, the plaintiff herein, as such receiver of and for said Lime City Building, Loan and Savings Association, and empowered, ordered, and directed said receiver to take charge of its books, papers, and property, and to collect all claims due to said association by suit or otherwise." Under the authority of the cases cited above, the finding of the receiver's authority is sufficient.

The conclusion of law objected to by appellant is the first, which is as follows: "That the defendants Hatfield, being members and stockholders in the said Lime City Building, Loan and Savings Association at the time the order appointing the plaintiff receiver of said association was entered, and at the time of rendering final judgment in said action so commenced and prosecuted by said Harvey C. Black, are bound

thereby as if they had each been, and continued until its final determination to be, parties defendant in that suit." This conclusion of law has reference to the facts found under the issues upon the answer of appellants assailing the validity of the appointment of appellee as receiver in the suit of Black against the Lime City Building, etc., Association, and appellee's replies to said answer. All the facts are found about that litigation, in which it is shown that the same objections are urged to the validity of the appointment in this case that were put in issue and adjudicated in that case, adjudging that the appointment so made was valid, and upheld by the judgment of the court. And that judgment was affirmed on appeal to this court in *Lime City,·etc., Assn.* v. *Black*, 136 Ind. 544.

It is true, the finding shows that, though the Hatfields were parties to that cause, yet they were dropped out of the case by a dismissal as to them before the final judgment. But the finding shows that they were at all times, during that litigation and adjudication resulting in the appointment of a receiver for such association, both stockholders in said association and members thereof.

An eminent author says: "For instance, a stockholder in a corporation against which a judgment has been recovered, and out of whose estate the execution issued thereon has been satisfied, is so far a privy in law that he may bring error to reverse it, but for that very reason he cannot attack the judgment collaterally for any defect such as an irregularity in the service of process." 1 Black on Judg., section 260; Freeman on Judg., (2nd ed.) section 177. So it has been held by this court in two cases that: "Whether the action of the court in appointing a receiver was according to law, we need not decide. If the appointment was erroneous, it was not void, and cannot, in a collateral proceeding, be assailed, even by the parties thereto, and certainly not by strangers in the attitude of appellant." *Pressley* v. *Lamb*, 105 Ind. 171, 190; *Cook* v. *Citizens Nat. Bank*, 73 Ind. 256.

Kerr on Rec., page 166, says: "It is immaterial that the

order appointing a receiver may have been improper or erroneous. It is not competent for any one to interfere with the possession of a receiver on the ground that the order appointing him ought not to have been made. It is enough that it be a subsisting order." This authority is cited and quoted with approval in both of the cases first above cited, and in *Smith* v. *Harris*, 135 Ind. 621. So it results from the foregoing that the Hatfields, even if they were strangers to the adjudication appointing the receiver, cannot attack the same collaterally; and also, being in privity with the association, by their membership therein and their relation thereto as stockholders therein, they are equally bound by that judgment. *Whittlesey* v. *Frantz*, 74 N. Y. 456; *Bangs* v. *Duckenfield*, 18 N. Y. 592; 2 Black on Judg., section 583.

The substance of appellants' contention that the circuit court erred in overruling their motion for a new trial is that the evidence shows clearly that their answers in confession and avoidance were proved without any conflict in the evidence. The substance of those answers is that the receiver ought not to be allowed to foreclose the mortgage for the collection of the note secured thereby, because the application for his appointment as such was not made until the 23rd day of July, 1890, and that the time in which the statute allowed such a receiver to be appointed expired on May 5, 1890,—previous to such appointment. The evidence and record show that the suit by Black against the association, in which the appellee was appointed as receiver, was commenced on April 12, 1890, which was before the expiration of the three years allowed by the statute for closing up the affairs of the association after the expiration of the chartered life thereof. As was held by us on appeal from the judgment in that case, the appointment might be validly made under the provisions of the statute, after the expiration of the three years, if the application therefor was made before the expiration of such three years. In that appeal it was attempted to be shown that the application was not made until after the ex-

piration of such three years in this way, namely: By showing that the complaint in that case contained no application for the appointment of a receiver when filed, and up until July 23, 1890, which was after the expiration of such three years, such application was brought into that complaint by amendment. Whether that required such application to be deemed made and filed at that date, or at the date of the filing of the complaint, was sought to be presented to us in that appeal. But the date of bringing into the complaint the application was not shown in the record in that case. Hence, the complaint containing the application for the appointment of a receiver appearing to have been filed in time, we affirmed the judgment. In that case and in that appeal was the time, and that was the place, to question the legality, the regularity, and the validity of the appointment of the appellee here as receiver; and the court having jurisdiction of the subject-matter and parties, all objectors must forever after hold their peace. All objections to such appointment after the affirmance of that judgment, in the nature of a collateral attack come from whomsoever, or from whatever quarter they might, are collateral impeachments of the judgment of a court of competent jurisdiction. And such attacks, we have seen, cannot be successfully made, even though the court, in making such appointment, erred and misconstrued the law. In case no appeal had been taken, the effect of the judgment appointing the receiver is the same.

It may be conceded that the appellants proved their answers as to the allegation that the amendment to the complaint in the Black case, made July 23, 1890, brought into the complaint in that case for the first time the application for a receiver. That was proved by oral evidence. But the judgment of appointment was in evidence, which was affirmed in this court in *Lime City, etc., Assn.* v. *Black,* 136 Ind. 544. That judgment was conclusive as to the appointment of the receiver and it was competent evidence regard-

less of the replies. The truth is, the circuit court ought to have sustained, instead of overruling, appellee's demurrers to such answers. Those answers admitted appellee's appointment as receiver, but sought to avoid it by setting forth facts by which it is claimed that the inference arises that the appointment was erroneous. That was nothing more nor less than a collateral attack upon a judgment of a court of competent jurisdiction, which the law forbids, as already said. The answers being insufficient the ruling upon the replies was wholly immaterial and could not and did not harm appellants even if erroneous.

This conclusion is not in harmony with what was decided as to the sufficiency of the third paragraph of the answer in *Hatfield* v. *Cummings, Rec.*, 140 Ind. 547. In that case, however, the question as to the right to collaterally attack the judgment of appointment of a receiver was not suggested by counsel, or noticed by the court. That case, as to that point, is modified to conform to this opinion.

Judgment affirmed.

## ON PETITION FOR REHEARING.

PER CURIAM.—Appellants complain that we did not pass upon the question presented by them, namely, the insufficiency of the complaint, and the facts to support the judgment, in this: that it is not averred in the complaint, nor found as a fact in the special finding, that appellee was authorized by the court to sue in his own name.

We regard the averment and finding contended for as altogether immaterial. In an action like this it is not necessary that the complaint shall disclose any specific authority from the court for the receiver to sue in his own name. It must be borne in mind that appellee is a receiver appointed, upon the application of a creditor, to wind up the affairs of a corporation, upon the expiration of its charter. In such case, he may sue in the name of the corporation or otherwise,—that

is, in his own name, as he may elect. Section 3435 Burns 1894, section 3012 Horner 1897. What was said by the court in this case on its former appeal, touching this question (*Hatfield* v. *Cummings, Rec.*, 142 Ind. 350), was a correct statement of the law, except when otherwise provided by statute. *Manlove, Rec.,* v. *Burger,* 38 Ind. 211. The statute which controls the right of a receiver, appointed to wind up the affairs of a corporation whose charter has expired, was neither presented nor considered by the court in that case; hence, what is there said is not applicable to the question relative to the authority of a receiver appointed under section 3435, *supra,* to sue in his own name.

Appellants further and vigorously complain that we did not pass upon the sufficiency of the second paragraphs of replies to the second paragraphs of the separate answers of appellants. Appellants' joint assignment of error, to the overruling of the demurrers to these replies, appears complete on one page of the record, and upon another page, under a repeated title, appear proper separate assignments of error to the same action of the court, and it is manifest that the judge who wrote the opinion overlooked the separate assignments. The answers to which the replies were addressed are, in substance, the same, and, in effect, allege that the Lime City Building, Loan and Savings Association was legally incorporated on the 5th day of May, 1879, for a period of eight years; that it ceased to exist as a corporation on the 5th day of May, 1887; that the three years allowed by law, in which to wind up its affairs, expired May 5, 1890; that no receiver was appointed nor applied for by any creditor, stockholder, or member of said association or other person prior to the 23d day of July, 1890.

The replies assailed are, in substance, the same, and, in effect, allege that appellants, James M. and Thursy Hatfield, were each stockholders in said Lime City Building, Loan and Savings Association on the 12th day of April, 1890, and the

said Thursy, a debtor of said association for the sum of money sued for in this action, and that upon said last named day one Black, himself being a stockholder in said association and a creditor thereof, commenced his suit in the Huntington Circuit Court for the collection of his debt and the appointment of a receiver to wind up the affairs of said association; that such issues were formed in said action between the plaintiff, Black, and such association, that called in question, among other things, the right and power of the court to appoint a receiver in said cause; that said issues were submitted to the court for trial, and, after hearing the evidence, the court found that the plaintiff was entitled to recover, and that a receiver ought to be appointed, and did thereupon render judgment for the plaintiff for the sum of $958.50, and did appoint appellee receiver of said association, and did thereupon order said receiver to collect all assets due said association, by suit or otherwise, and from the same to pay the plaintiff's judgment; that appellee duly qualified and entered upon the discharge of his duties as such receiver; from which judgment and order, appointing appellee receiver, said association appealed to the Supreme Court, and, among other things, assigned as error in said Supreme Court the action of said Huntington Circuit Court in the appointment of appellee as receiver; that said appeal has been determined by said Supreme Court and the decision of the said Huntington Circuit Court in all things affirmed and reported in *Lime City, etc., Assn.* v. *Black,* 136 Ind. 544.

The pleadings in the Black case are set out in the replies. These replies to answers, that only questioned the authority of the court to appoint a receiver, are clearly good. They show that appellants were stockholders of the association—that is, a part of the association—at the time of the adjudication, and are bound by it. See authorities cited in the opinion, *supra.* Furthermore, what is said in the main opinion touching the conclusion of law, drawn from the facts found

under these answers and replies as being a collateral attack, is a further and complete answer to appellants' contention.

We have carefully reviewed the record and find no error in it.  The petition for rehearing is overruled.