Hatfield *v.* Cummings, Rec.

---

HATFIELD ET AL *v.* CUMMINGS, RECEIVER.

[No. 18,579. Filed May 12, 1899.]

APPEAL AND ERROR.—*Law of Case.*—A decision of the Supreme Court that a complaint is sufficient is conclusive upon all questions relating to such pleading in a subsequent appeal. *pp. 538, 539.*

JUDGMENT.—*Motion in Arrest.—Sufficiency.*—A motion in arrest of judgment on the ground that the complaint had been changed in a material part without leave of the court after the cause had been reversed by the Supreme Court is properly overruled, where it does not appear when or by whom the alteration was made, or at what time it was discovered. *p. 539.*

RECEIVERS.—*Appointment.—Collateral Attack.—Building and Loan Associations.*—A stockholder in a building and loan association cannot attack the proceedings and order of the court appointing a receiver of such association in a proceeding by the receiver to foreclose a mortgage against him. *p. 540.*

APPEAL AND ERROR.—*Conclusions of Law.—Joint Exception.*—An exception taken by all of the defendants, jointly, to all of the conclusions of law, is not available on appeal unless it is well taken as to all of the defendants, nor unless all of the conclusions are erroneous. *p. 541.*

SAME.—*Evidence.—Special Finding.*—A special finding is entitled to the same consideration as a general finding or a verdict, and cannot be set aside on appeal if there is any evidence sustaining it. *p. 542.*

From the Wabash Circuit Court.   *Affirmed.*

*J. T. Alexander, Kenner & Lesh* and *J. M. Hatfield,* for appellant.

*Whitelock & Cook* and *Slick & Hunter,* for appellee.

Dowling, J.—This is the second time this case has come before this court on appeal.   140 Ind. 547.   The suit was brought by the appellee, as receiver, to enforce the collection of a note executed by James M. Hatfield, one of the appellants, and to foreclose two mortgages, given by Hatfield and his wife, to secure the payment of the said note and another debt.   On the former appeal, the judgment of the trial court was reversed for error in sustaining a demurrer to the third paragraph of the answer of James M. Hatfield.   Afterwards, in the Wabash Circuit Court, to which the case had been sent on a change of venue, the issues were made up, and upon the trial of the cause and a special finding therein, judgment was rendered in favor of appellee.   Errors are assigned as follows:

1.   The complaint does not state facts sufficient to constitute a cause of action.

2.   The court erred in overruling appellant's motion in arrest of judgment.

3.   The court erred in sustaining appellee's motion to strike out part of appellant's motion in arrest of judgment.

4.   The court erred in overruling the demurrer of James M. and Thursy J. Hatfield to the second paragraph of the reply, to the joint answer of the Hatfields, and the Huntington City Building and Loan Association.

5.   The court erred in its conclusions of law.

6.   The court erred in overruling appellant's motion for a new trial.

Upon the first error assigned, we are asked to reëxamine the complaint.   On the former appeal, this court held the complaint sufficient, and that ruling is conclusive upon all questions relating to that pleading.   *Hatfield* v. *Cum-*

*mings, Rec.,* 140 Ind. 547. The rule is thus stated in Elliott's App. Proc., section 578: "It is a firmly settled principle that the decisions of the appellate tribunal constitute the law of the case upon all the points in judgment, no matter at what stage of the proceedings they arise, or in what mode they are presented. This rule is not one springing from the doctrine of *stare decisis,* but it is one founded upon the same principle on which rests the doctrine of *res adjudicata.* Questions before the court for decision, and by the court decided as essential to a final judgment, are conclusively and finally adjudicated. The law as declared can not be changed upon a second or subsequent appeal." See, also, *Board, etc.,* v. *Bonebrake,* 146 Ind. 311; *James* v. *Lake Erie, etc., R. Co.,* 148 Ind. 615; *Jeffersonville, etc., Co.* v. *Riter,* 146 Ind. 521.

The motion in arrest of judgment was not made until after the motion for a new trial, but it is next in order in the assignment of errors. The sole ground of the motion was the statement of the appellant, James M. Hatfield, verified by his affidavit, that the complaint had been changed in a material part, without the leave of the court, after the judgment in this cause was reversed by the Supreme Court. It was not shown when such change was made, by whom it was made, or at what time the alteration was discovered. For all that appears, appellants knew that the amendment was made, if there was such an amendment, before they went to trial. The motion was destitute of merit, and was properly overruled. For the same reasons, the court was fully justified in striking out the affidavit of Hatfield, filed in support of the motion.

Appellants also contend that the second paragraph of the reply to the joint answer of the Hatfields and the Huntington City Building, Loan and Savings Association was not sufficient to avoid said answer, and that the demurrer thereto should have been overruled. This paragraph of the reply sets out in detail the bringing of the suit by one Harvey C.

Black for the appointment of a receiver of the Lime City Building, Loan and Savings Association, and the subsequent prcceedings therein, including the appointment of a receiver, and the entering of a judgment authorizing said receiver to bring suits, to collect all moneys due to said association, and to perform various other duties. It also avers that at the time of these proceedings James M. Hatfield and Thursy J. Hatfield were stockholders and members of the said Association, and that James M. Hatfield was a party to the said suit, and set up the same matters therein by way of defense to the same, as are set up by him and his codefendants in the present action. The reply contains many other allegations concerning the suit in which the receiver was appointed, but those mentioned here are sufficient to indicate its character and scope. In our opinion, the second paragraph of the reply was good. The Hatfields, as members and stockholders of the Lime City Building, Loan and Savings Association, were bound by the judgment of the court appointing a receiver for that corporation. *Hatfield* v. *Cummings, ante,* 280.

The demurrer to the second paragraph of the reply to the joint answer of the Hatfields and the Huntington City Building, Loan and Savings Association was properly overruled.

Appellants next question the correctness of the conclusions of law upon the special finding of facts. These conclusions are as follows:

"*First.* That the defendants, Hatfields, being members and stockholders in the said Lime City Building, Loan and Savings Association at the time the order appointing the plaintiff receiver of said association was entered, and at the time of rendering final judgment so commenced and prosecuted by said Harvey C. Black, are bound thereby, as if they had each been, and continued until its final determination to be parties defendant in that suit."

"*Second.* That as to the defendant, the Huntington City Building, Loan and Savings Association, it can attack the

order and judgment of the Huntington Circuit Court appointing the plaintiff receiver by a direct proceeding for that purpose only, and cannot question them or have them reviewed in this action; and that said defendant has no interest in the land involved herein other than that arising under its purchase upon the foreclosing decree as set out in the fifth finding of facts herein, and that its interest is subsequent and junior to the lien of the plaintiff."

"*Third.* That the plaintiff, Luther Cummings, receiver of the Lime City Building, Loan and Savings Association, is entitled to a judgment against said defendant, James M. Hatfield, upon the notes and mortgages in this action, in the sum of $2,519.11, principal and interest, and $550 attorney's fees, making in all $3,069.11, without relief from valuation or appraisement laws."

"*Fourth.* That said plaintiff is entitled to a decree foreclosing the mortgages in this cause, and an order for the sale of the real estate described in the said mortgages, and in the finding as aforesaid, to satisfy said judgment as against all the defendants in this action."

The exception to the foregoing conclusions of law was taken and entered in these words: "To which conclusions of law all of the defendants except."

The exception having been taken by all the defendants, jointly, to all the conclusions in gross, it cannot avail the appellants unless it is well taken as to all of them, nor unless all of the conclusions are erroneous. *Saunders, Treas.,* v. *Montgomery,* 143 Ind. 185; *Clause, etc., Co.* v. *Chicago, etc., Bank,* 145 Ind. 682; *Earhart* v. *Farmers Creamery,* 148 Ind. 79; *Royse* v. *Bourne,* 149 Ind. 187, 190; *Cincinnati, etc., R. Co.* v. *Cregor,* 150 Ind. 625; Elliott's App. Proc., section 401.

It is impossible to determine from the confused and obscure statements of appellants' brief which of the conclusions are objected to, or for what reason they are supposed to be erroneous. It is asserted that "in the findings of fact

there is no authority found from the court to the receiver to sue in his own name;" that "it is not shown that the legal title to the corporate assets has been assigned to the appellee." Again, it is said that, "A second defect in the findings of fact is that neither the receiver nor the court had determined upon the validity of any claim against the association, or the receiver before this suit was commenced." Then the validity of the judgment in the case of Black v. The Lime City Building, Loan and Savings Assn., is discussed, and other matters equally irrelevant are brought into the argument.

It is evident that none of these objections is sufficient to overthrow the conclusions of law. It is clear, also, that they do not apply to all of the conclusions. It cannot be maintained that the *second* conclusion is erroneous as to the Hatfields, and prejudicial to them, or that the *third* is erroneous as to the Huntington City Building, Loan and Savings Association.

The last error assigned and discussed is the decision of the court overruling the motion for a new trial.

The reasons for this motion, insisted upon in appellants' briefs, are that the special findings are not sustained by sufficient evidence; that the decision of the court is contrary to law; and that the court failed to find certain facts which appellants think should have been found.

A special finding is entitled to the same consideration as a general finding or a verdict. It cannot be set aside if there is any evidence sustaining it. *Robinson* v. *Hathaway*, 150 Ind. 679.

We have read the evidence with the utmost care, and are satisfied that it sustains the findings of the court in every particular, and that there is no ground for the claim of the appellants that the facts stated in their motion for a new trial should also have been found. Moreover, we are convinced that the merits of the case were fairly tried and determined in the court below, and that a just conclusion was reached. The judgment is affirmed.